IN THE TAX COURT OF THE
STATE OF OREGON

Scott C. DENNEY

*v.*

DEPARTMENT OF REVENUE

(TC 3985)

John Eric Wilkes, Callaghan & Wilkes, Salem, represented plaintiff (taxpayer).

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered January 13, 1997.

### CARL N. BYERS, Judge.

This case concerns a corporate officer's personal liability for unpaid withholding taxes for 1987 and 1988. Plaintiff's (taxpayer) appeal was dismissed by the Department of Revenue (department) on the ground that it was filed late. Taxpayer claims his appeal is timely because both a 1988 Notice of Assessment and a 1994 Notice of Liability were never mailed.

## FACTS

Taxpayer was the president of a corporation that filed quarterly withholding tax returns for 1987 but did not remit taxes with the returns. Also, although obligated to, the corporation did not file withholding tax returns or pay withholding taxes for the first and second quarters of 1988.

The department contends that it issued a Notice of Assessment to taxpayer on March 18, 1988, holding him personally responsible for the 1987 unpaid withholding taxes. Taxpayer contends this notice was never issued because he did not receive it, or at least he does not recall receiving it. More importantly, taxpayer points to the proof of claim filed November 21, 1990, by the department in taxpayer's personal bankruptcy proceeding. This claim states, in part: "Because the tax has not yet been assessed to the debtor, these claims are precautionary in nature." The statement refers to taxes for the fourth quarter of 1987 and the first and second quarters of 1988. No mention is made of the first, second and third quarters of 1987.

As evidence in support of its position, the department points to a copy of the notice dated March 18, 1988, and its "Taxpayer Contacts Record," indicating that on March 31, 1988, "Scott called to say he was in [bankruptcy.] I told him I was not aware of this when I assessed [officer liability.]"

Taxpayer had filed for personal bankruptcy on December 8, 1987. The bankruptcy was closed on August 10, 1988. The corporation in question filed bankruptcy in July of 1988. Taxpayer filed a second personal bankruptcy on September 24, 1990, which was not closed until April 21, 1994. The department's policy is not to pursue collection during a bankruptcy proceeding and consequently took no action to collect either from the corporation or from taxpayer until 1994.

In June 1994, the unpaid withholding tax account was assigned to a revenue agent for collection. In December 1994, the revenue agent responded to a request from taxpayer's attorney for a summary of all taxes owing by taxpayer. It was then the revenue agent realized that the withholding taxes for 1988 had never been assessed to taxpayer.

Although such taxes must normally be assessed within three years, the statute of limitations had been tolled by taxpayer's personal bankruptcy proceedings. Consequently, the revenue agent determined that he could assess the unpaid withholding taxes for 1988.[1]

When the revenue agent prepared the Notice of Liability on December 13, 1994, he included all of the 1987 withholding taxes as well as the 1988 withholding taxes. Although he believed the 1987 quarters had already been assessed, he could not explain why he included them in the notice. The revenue agent testified that he mailed the Notice of Liability to taxpayer's address. Taxpayer acknowledges that the address shown on the notice is correct but contends that the notice must not have been mailed because he never received it. This is taxpayer's only defense.

## ISSUE

After considering all of the facts surrounding the tax liabilities in question, counsel for the parties agreed that the only issue before the court is whether the department mailed to taxpayer the Notice of Liability dated December 13, 1994.

## ANALYSIS

ORS 305.265(11)[2] provides that:

"Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section."

As taxpayer's counsel acknowledges, the statute does not require certified or registered mail and the state has no documentary proof of mailing of or receipt of the notice.

---

[1] The revenue agent testified that he intended to assess the 1988 taxes in the 1994 notice. Because the corporation did not file withholding tax returns for the 1988 quarters, it had not assessed itself for the taxes. However, the 1994 notice is a Notice of Liability, not a Notice of Assessment. A Notice of Liability is sent to a responsible officer within three years of a self assessment. ORS 316.207(3)(a). It is not clear to the court whether the 1988 taxes were ever assessed. However, that issue is irrelevant because the department subsequently dropped its claim for the 1988 taxes.

[2] All references to the Oregon Revised Statutes are to 1993.

However, the burden of proof is on the taxpayer, not the state. In effect, the taxpayer must prove a negative.

Taxpayer testified that if the notice had been mailed he would have received it because it was directed to the correct address. Further, if received, he would have faxed it immediately to his attorney because, at that time, he sent all tax documents to his attorney. Taxpayer did receive a copy of the information letter the revenue agent sent to taxpayer's attorney. This letter showed all of the withholding taxes owing, including the two quarters for 1988.

The revenue officer who issued the Notice of Liability testified that he prepared the notice on his own computer and mailed the notice by regular mail. Taxpayer questions whether the notice was mailed because there was no indication it had been approved by a manager. The normal process would be to obtain approval of a supervisor. The revenue agent could not recall whether he had obtained approval, but noted that it could have been obtained by telephone or e-mail.

This is another case where the taxpayer is placed at a major disadvantage by the statutes. The taxpayer is unable to prove he never received a mailing because regular mail is not verifiable. Where the statute imposes the burden of proof on the taxpayer, it effectively places the assessment beyond challenge. The court finds that taxpayer failed to prove the notice was not mailed. Accordingly, taxpayer's appeal period expired and the department properly dismissed his petition. The department's Opinion and Order No. 95-4379 must therefore be sustained. Judgment will be entered accordingly. Costs to neither party.